# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**EARL MAYFIELD,**

        **Petitioner,**

vs.                                                                                                           **No. 17-cv-00891 MV/SMV**

**GREG MORRIS, TOM RUIZ, and
STATE OF NEW MEXICO,**

        **Respondents.**

## ORDER ON PENDING MOTIONS

**THIS MATTER** is before the Court on the Motion to Enclose COA Mandate [Doc. 11] (filed October 12, 2018), Motion for Documents in Support of Prosecutorial and Plaintiff's Attorney Misconduct [Doc. 12] (filed on October 26, 2018), Motion to Enclose Missing Document [Doc. 14] (filed on November 30, 2018), and Motion for Appointment of Counsel [Doc. 17] (filed on January 11, 2019), filed by Petitioner Earl Mayfield. Petitioner supplemented his Motion for Appointment of Counsel on January 11, 2019. [Doc. 18]. The Court makes the following rulings on Petitioner Mayfield's Motions:

    **1. Motion to Enclose COA Mandate [Doc. 11] and Motion for Appointment of Counsel [Doc. 17].** In his Motion to Enclose COA Mandate, Petitioner Mayfield asks to include several attached documents in the Court record in this case. [Doc. 11]. The Court construes Mayfield's filing as a request to supplement his Petition under 28 U.S.C. § 2254 and GRANTS the request. Fed. R. Civ. P. 15(d). The record will be deemed supplemented by the attachments to the Motion to Enclose COA Mandate. [Doc. 11] at 2–3.

Mayfield's Motion to Enclose COA Mandate also asks the Court to appoint counsel to represent him in this proceeding. [Doc. 11] at 1. Mayfield has also filed a Motion for Appointment of Counsel, [Doc. 17], which he supplemented, [Doc. 18]. There is no right to appointment of counsel in a habeas corpus case unless the Court sets an evidentiary hearing. *See Cullins v. Crouse*, 348 F.2d 887, 889 (10th Cir. 1965); Rules Governing Section 2254 Cases in the United States District Courts, Rule 8. Instead, the decision whether to request assistance of counsel rests in the sound discretion of the Court. *Holloway v. Hatch*, 250 F. App'x 899, 901 (10th Cir. 2007) (unpublished); *Beaudry v. Corr. Corp. of Am.*, 331 F.3d 1164, 1169 (10th Cir. 2003); *MacCuish v. United States*, 844 F.2d 733, 735 (10th Cir. 1988). In determining whether to appoint counsel, the district court should consider the merits of the litigant's claims, the nature and complexity of the factual and legal issues, and the litigant's ability to investigate the facts and to present his claims. *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004). The Court has reviewed the Complaint and subsequent filings in light of the foregoing factors and determines that the issues raised by Petitioner do not warrant appointment of counsel at this stage of the proceedings. *See Lucero v. Gunter*, 52 F.3d 874, 878 (10th Cir. 1995). Accordingly, the Court will DENY the requests for appointment of counsel, [Doc. 11]; [Doc. 17]; [Doc. 18], without prejudice to a renewed request in the event the Court sets an evidentiary hearing in this case.

**2. Motion for Documents in Support of Prosecutorial and Plaintiff's Attorney Misconduct [Doc. 12] and Motion to Enclose Missing Document from Doc. 12 [Doc. 14].** To the extent the Court is able to discern Petitioner Mayfield's intent, his Motion for Documents and Motion to Enclose Missing Document appear to request leave to file state-court documents and other materials as part of the record in support of Mayfield's § 2254 Petition. [Doc. 12]; [Doc. 14].

As with Mayfield's Motion to Enclose COA Mandate, the Court will construe Mayfield's filings as requests to supplement and will GRANT the requests as they pertain to the instant case. Fed. R. Civ. P. 15(d). Mayfield is notified that he may not submit further supplementation for the record without prior leave of the Court upon a showing of good cause as to why they could not have been previously submitted.

**IT IS ORDRED:**

(1) Petitioner Earl Mayfield's Motion to Enclose COA Mandate [Doc. 11] is **GRANTED IN PART** as to his request to supplement and **DENIED IN PART** as to his request for appointment of counsel;

(2) Petitioner Mayfield's Motion for Documents in Support of Prosecutorial and Plaintiff's Attorney Misconduct [Doc. 12] is **GRANTED** as to the instant case;

(3) Petitioner Mayfield's Motion to Enclose Missing Document from Doc. 12 [Doc. 14] is **GRANTED**;

(4) Petitioner Mayfield's Motion for Appointment of Counsel, [Doc. 17], [Doc. 18], is **DENIED**.

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**