## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW MEXICO

EARL R. MAYFIELD,

      Petitioner,

v.                                               No. 17-0891 MV/SMV

GREG MORRIS, TOM RUIZ,
and STATE OF NEW MEXICO,

      Respondents.

### MEMORANDUM OPINION AND ORDER DENYING
### PETITIONER'S MOTION TO SET ASIDE JUDGMENT

THIS MATTER comes before the Court on Petitioner's Motion to Set Aside Judgment [Doc. 43]. The Court, having considered the Motion and relevant law, finds that the Motion is not well-taken and will be denied.

## BACKGROUND

Petitioner, then proceeding pro se, filed his Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus on August 24, 2017. Doc. 1. The Court referred this case to the Honorable Stephan M. Vidmar, United States Magistrate Judge, on August 23, 2018. Doc. 7. Petitioner later filed three Amended Petitions before retaining counsel, Scott Moran Davidson. Docs. 2, 8, 16, 20. On behalf of Petitioner, Davidson filed the Fourth Amended Petition on June 17, 2019. Doc. 21. Respondents filed their Answer on September 4, 2019, Doc. 26, and Petitioner filed his Reply on November 8, 2019, Doc. 31.

On February 28, 2020, Judge Vidmar entered his Proposed Findings and Recommended Disposition ("PFRD"). Doc. 32. He recommended that the Court deny the Fourth Amended Petition and dismiss the case with prejudice. *Id.* at 17. In bold lettering, Judge Vidmar set the

deadline to object to the PFRD for 14 days after its entry.  *Id.*  He warned that if Petitioner failed to timely object to the PFRD, "no appellate review w[ould] be allowed."  *Id.*

Petitioner timely moved for extensions of the objecting period twice.  Docs. 33, 35.  In the second Motion to Extend Time to File Objections, Davidson requested the extension because he recognized that working from home during the Covid-19 pandemic significantly reduced his productivity.  Doc. 35 at 2.  Judge Vidmar granted each Motion.  Docs. 34, 36.  Judge Vidmar set April 10, 2020 as the deadline to object to the PFRD, as requested by Davidson.  Doc. 36 at 1.

Petitioner had filed nothing more by April 10, 2020.  On April 13, 2020, three days after the objection deadline, the Court adopted the PFRD, seeing that no party had objected to it. Doc. 37.  The Court entered its Order Denying a Certificate of Appealability and Judgment on the same day.  Docs. 38, 39.  Less than an hour after the Court entered judgment, Petitioner moved for an extension of the objection deadline to April 15, 2020.  Doc. 40 at 1.  The Court denied the Motion as moot because it had already entered judgment.  Doc. 41.

Petitioner nonetheless filed his untimely objections on April 15, 2020.  Doc. 42.  On the same day, he filed the instant Motion to Set Aside Judgment.  Doc. 43.  He argues that the Court should set aside the judgment under Federal Rules of Civil Procedure 59(e) and 60(b) due to Davidson's negligent failure to meet the objection deadline.  *Id.*  Davidson asserts that he diligently worked on the objections until midnight on April 10, 2020, but he "irrationally believed that he would be able to complete the objections for filing on" the deadline.  *Id.* at 3.  Davidson realized before midnight on April 10 that he could not timely complete the objections, *id.*, but he did not contact opposing counsel regarding an extension until April 13, three days after the deadline.  *Id.* Though he apparently began working on a motion for an extension of time to object on April 13,

2

before the Court entered judgment, *see id.*, he nonetheless filed it after the Court entered judgment, *id.*

Petitioner apparently contacted Respondents regarding their position on the instant Motion, and they "t[ook] no position on this [M]otion." *Id.* at 21. Respondents filed no response. On May 12, 2020, Petitioner appealed the adoption of the PFRD, denial of a certificate of appealability, and entry of judgment against him. Doc. 45.

## DISCUSSION

The Court first must determine whether it has jurisdiction to consider this Motion. "[T]he general rule is that, when a litigant files a notice of appeal, the district court loses jurisdiction over the case . . . ." *McKissick v. Yuen*, 618 F.3d 1177, 1196 (10th Cir. 2010). This rule becomes slightly muddled if at the time a party files a notice of appeal of a judgment, a motion under Rule 59(e) or Rule 60(b) remains pending. In this situation, the district court "lack[s] jurisdiction to *grant* the Rule 60(b)[] motion due to the appeal" but "the court [is] free to consider the motion, and the court could then either deny it on the merits, or the court could . . . notif[y the Tenth Circuit] of its intention to grant the motion upon proper remand."[1] *Aldrich Enters., Inc. v. United States*, 938 F.2d 1134, 1143 (10th Cir. 1991); *see* Fed. R. App. P. 4(a)(4)(B)(i). Thus, though Petitioner has filed a notice of appeal, the Court will decide whether it should deny the Motion or

---

[1] Courts routinely apply this logic to Rule 59(e) motions as well. *See, e.g.*, *Harper v. Urbano*, No. 07-cv-00750-REB-KMT, 2008 WL 5169518, at *1 (D. Colo. Dec. 9, 2008); *Brown v. Wachovia Bank*, 244 F.R.D. 16, 19 n.1 (D.D.C. 2007); *Millers Mut. Fire Ins. Co. of Tex. v. Sw. Surveying Co.*, No. 99-cv-0499 MV/RLP, 2001 WL 37124825, at *2 (D.N.M. Aug. 5, 2001).

state an intention to grant it should the Tenth Circuit remand the case.  The Court will analyze the

Motion first under Rule 59(e), and then under Rule 60(b).

I.      Rule 59(e) does not provide relief from the judgment.

"[A] postjudgment motion may 'aris[e] under either Rule 59(e) (motion to alter or amend

the judgment) or Rule 60(b) (relief from judgment for mistake or other reason).  The[se] two rules

serve different purposes and produce different consequences, both substantive and procedural.'"

*Jennings v. Rivers*, 394 F.3d 850, 854 (10th Cir. 2005) (second and third alterations in original)

(quoting *Sanders v. Clemco Indus.*, 862 F.2d 161, 168 (8th Cir. 1988)).  "Grounds warranting a

motion to reconsider [under Rule 59(e)] include (1) an intervening change in the controlling law,

(2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest

injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

Rule 59(e) does not entitle Petitioner to relief.  Invoking the third ground for relief, he

argues that "[i]t would be fundamentally unfair . . . for his § 2254 claims to be denied without

review by this Court on their merits."[2]   Doc. 43 at 20.  "Although the Tenth Circuit has not

specifically defined 'manifest injustice' in the Rule 59(e) context, other courts have defined [it] as

'more than just a clear and certain prejudice to the moving party, but also a result that is

fundamentally unfair in light of governing law.'"   *Derrick v. Standard Nutrition Co.*,

No. 17-cv-1245 RB/SMV, 2019 WL 2717150, at *4 (D.N.M. June 28, 2019) (quoting *Thymes v.

Verizon Wireless, Inc.*, No. 16-cv-066 KG/WPL, 2016 WL 9777487, at *2 (D.N.M. Sept. 28,

2016)).

---

[2] Petitioner does not argue that the Court committed clear error in entering judgment against him, and the Court sees
no clear error in the record.

Petitioner fails to show manifest injustice.  "[A] party's objections to the magistrate judge's [PFRD] must be both timely and specific to preserve an issue for de novo review by the district court."  *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Seeing no objections filed by the deadline, the Court adopted the PFRD.  Entering judgment for this reason complies with, and is not fundamentally unfair in light of, governing law.  Despite knowing the deadline, Petitioner failed to request an extension prior to its expiration—knowing that, if he failed to meet the objection deadline, judgment would be entered against him.  *See* [Doc. 32] at 17.  Entering judgment in such a situation does not constitute manifest injustice.

Additionally, Petitioner's arguments more properly request relief under Rule 60(b)(1), not Rule 59(e).  Courts must construe post-judgment motions filed within 28 days of judgment "based on the reasons requested by the movant."  *Jennings*, 394 F.3d at 855; *see Nelson v. City of Albuquerque*, 921 F.3d 925, 929 (10th Cir. 2019) (holding that a court determines whether a motion is brought under Rule 59(e) based on the substance of the relief requested, not its label).  A motion under Rule 59(e) "involves 'reconsideration of matters properly encompassed in a decision on the merits.'"  *Ball v. People of Colo.*, 945 F.2d 411, 1991 WL 196999, at *1 (10th Cir. Oct. 3, 1991) (quoting *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174 (1989)).  Here, even when discussing Rule 59(e), Plaintiff's Motion "plainly [seeks] relief from judgment based on attorney mistake: grounds for relief under Rule 60(b)(1)."  *Jennings*, 394 F.3d at 855–56.  Accordingly, the Court finds that it should analyze the Motion under Rule 60(b)(1), not Rule 59(e).

II.     Davidson's failure to file objections by the April 10, 2020 deadline does not constitute mistake or excusable neglect under Rule 60(b)(1).

A court may relieve a party of a judgment for "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). "The determination of whether neglect is excusable 'is at bottom an equitable one, taking account of all relevant circumstances surrounding the . . . omission.'" *Jennings*, 394 F.3d at 856 (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). Courts analyze four factors when determining whether Rule 60(b)(1) provides relief from a judgment on account of excusable neglect: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential effect on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. *Id.* "[F]ault in the delay remains a very important factor—perhaps the most important factor—in determining whether neglect is excusable." *Id.* (quoting *United States v. Torres*, 372 F.3d 1159, 1163 (10th Cir. 2004)). A court may also consider "whether the mistake was a single unintentional incident (as opposed to a pattern of deliberate dilatoriness and delay), and whether the attorney attempted to correct his action promptly after discovering the mistake."[3] *Id.* at 857. "Mere '[c]arelessness by a litigant or his counsel does not afford a basis for relief under Rule 60(b)(1).'" *Sundance Servs., Inc. v. Roach*,

---

[3] Petitioner also argues that the Court should consider the merit of the underlying claim. Doc. 43 at 15 (citing *Jennings*, 394 F.3d at 856). Yet, *Jennings* does not require a court to consider the merit of the underlying claim, and the Tenth Circuit normally only considers a claim's merit when deciding motions under Rule 60(b)(1) to vacate *default judgments*. *See Marcus Food Co. v. DiPanfilo*, 671 F.3d 1159, 1172 (10th Cir. 2011); *In re Stone*, 588 F.2d 1316, 1319 (10th Cir. 1978). The Court thus does not consider the merits of the Petition here. Moreover, the Court has reviewed the record, including the Fourth Amended Petition, PFRD, and proposed objections. Even if the Court considered the Petition's merit, it would find that this factor weighs neither in favor of nor against Rule 60(b)(1) relief.

No. 10-cv-0110 JP/CEG, 2010 WL 11622658, at *3 (D.N.M. May 17, 2010) (quoting *Pelican Prod. Corp. v. Marino*, 893 F.2d 1143, 1146 (10th Cir. 1990)).

"The burden is upon the party moving to have the judgment set aside to plead and *prove*" grounds for relief under Rule 60(b)(1). *Pelican Prod. Corp.*, 893 F.2d at 1146. Rule 60(b)(1) "should be liberally construed when substantial justice will thus be served," and courts should "resolv[e] all doubts in favor of the party seeking relief." *Jennings*, 394 F.3d at 856 (quoting *Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc.*, 715 F.2d 1442, 1444 (10th Cir. 1983)). Nonetheless, Rule 60(b)(1) "is an extraordinary procedure," *Cessna Fin. Corp.*, 715 F.2d at 1444, and the movant faces a "high[] hurdle" when requesting relief under it, *Zurich N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1289 (10th Cir. 2005) (quoting *Cummings v. Gen. Motors Corp.*, 365 F.3d 944, 955 (10th Cir. 2004), *abrogated on other grounds by Unitherm Food Sys., Inc. v. Swift-Eckrich, Inc.*, 564 U.S. 395 (2006)).

The balance of the factors in *Jennings* weighs against granting the Motion. First, Respondents suffered no prejudice from Petitioner's failure to timely request an extension to file objections to the PFRD; this factor weighs in favor of granting Rule 60(b)(1) relief. Respondents did not oppose an extension of the objecting period, Doc. 40 at 3, and it appears that the delay in filing the proposed objections has not resulted in the loss of evidence needed to decide the Amended Petition.

Second, the short length of the delay favors a finding of excusable neglect. Petitioner moved for an extension of the objecting period on April 13, 2020, less than an hour after the Court entered judgment. *See* Docs. 39, 40. Petitioner moved for this extension three days (or one business day) *after* missing the deadline he knew would cause the Court to enter judgment against

7

him.  *See* Doc. 40; Doc. 36 at 1; Doc. 32 at 17.  Nonetheless, because this delay in moving for an extension lasted only three days and Davidson took prompt action to move for an extension on the first business day after the objection deadline, the second factor favors granting the Motion.

Third, the reason for the delay weighs strongly against granting Rule 60(b)(1) relief.  "[F]or purposes of Rule 60(b), 'excusable neglect' is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence."  *Pioneer Inv. Servs. Co.*, 507 U.S. at 394.  Yet, judges treat missed deadlines differently depending on the type of negligence at issue.  "Generally, courts are more forgiving of missed deadlines caused by clerical calendaring errors, mathematical miscalculations of deadlines[,] and mishandling of documents."  *Scott v. Power Plant Maint. Specialists, Inc.*, No. 09-CV-2591-KHV, 2010 WL 1881058, at *3 (D. Kan. May 10, 2010)).  "In contrast, courts are less forgiving when missed deadlines occur because of poor lawyering, *e.g.*, where counsel misconstrues or misinterprets the rules or law or makes poor tactical decisions."  *Id.* at *4.

If a deadline appears in an accessible, clear order, counsel's negligence in meeting it often weighs against relieving a party from a judgment.  *See Estate of Vera Cummings v. United States*, No. 12-cv-0081 WJ/RHS, 2014 WL 11512639, at *4 (D.N.M. Oct. 7, 2014).  For example, courts hesitate to find excusable neglect when counsel knew of a deadline but chose not to move for an extension until after it passed.  In *Ghamrawi v. Case & Associates Properties Inc.*, the district court had granted the plaintiff three extensions of time to respond to a motion for summary judgment.  116 F. App'x 206, 207 (10th Cir. 2004).  The plaintiff nonetheless failed to timely respond, though she filed an untimely fourth request for an extension of time eight days after the response deadline.  *Id.*  Her attorney argued that deadlines in other matters "left her insufficient

8

time to do any work on [the] plaintiff's case." *Id.* The district court denied the untimely request for an extension and entered summary judgment in the defendant's favor. *Id.*

The Tenth Circuit affirmed. *Id.* at 210. It noted that the district court "had already generously allowed numerous extensions of time, and plaintiff's counsel's failure to respond by the final deadline was not due to any excusable neglect; she knew of the need to respond, but simply disregarded the deadline because of her workload." *Id.* The Tenth Circuit agreed with the many courts holding that missing a deadline due to a pressing workload does not constitute excusable neglect. *See id.*; *see, e.g.*, *Pioneer Inv. Servs. Inc.*, 507 U.S. at 398 ("[W]e give little weight to the fact that counsel was experiencing upheaval in his law practice at the time of the [due] date."); *United States v. Mitchell*, 464 F.3d 1149, 1152 (10th Cir. 2006), *rev'd on other grounds by* 551 U.S. 1129 (2007); *Stringfellow v. Brown*, No. 95-7145, 105 F.3d 670, 1997 WL 8856, at *2 (10th Cir. Jan. 10, 1997) (holding that the excusable-neglect exception in Rule 6(b) did not apply when "the plaintiff's attorney received the motion and knew of the need to respond, but simply disregarded the deadline based on the volume of evidence to be reviewed and his workload" and "[n]o explanation or 'reasonable basis' is given why an extension was not requested").

Here, the reason for the failure to meet the objection deadline weighs strongly in favor of denying the Motion. Davidson knew, or should have known, that he could not meet the objection deadline before it passed yet failed to move for an extension until three days later. Davidson asserts that, due to the circumstances created by the Covid-19 pandemic, he "has been forced . . . to work from a temporary table in his living room . . . at the same time [as] his wife," who also works from home. Doc. 43 at 4. "The stress of trying to protect his family from [Covid-19] . . .

combined with the reduction in productivity caused by the sudden shift . . . to working from a make-shift work arrangement at his house, has made it impossible to meet all of the . . . deadlines . . . imposed prior to the coronavirus pandemic," including the April 10, 2020 objection deadline.  *Id.* at 5.  According to Davidson, he did not realize "until after the close of business on Friday, April 10, 2020," that he would not be able to timely file the objections.  *Id.* at 3.  He apparently continued to "work[] until midnight April 10, 2020, but [neither] complete[d] the objections" nor contacted opposing counsel regarding an extension before the deadline.  *Id.*  He did not move for an extension prior to the expiration of the deadline.  *See id.*  Davidson then waited three days to contact opposing counsel to request her position on a motion for an extension of time.[4]  *Id.*

At bottom, Davidson argues that he worked diligently but could not meet the objection deadline because working from home reduced his productivity.  He offers no explanation as to why he did not move for an extension of time prior to the expiration of the deadline.  The Court rejects his excuse.  If, as Davidson asserts, he did not realize until after the close of business that he could not timely file the objections, he still had from approximately the close of business through midnight to move for an extension.  And he should have come to this realization far earlier than the close of business on April 10.[5]  Davidson was fully aware of the objection deadline and

---

[4] Petitioner offers no explicit reason why Davidson waited three days to contact opposing counsel regarding an extension.  Even after the close of business on April 10—when, by his own account, Davidson accepted that he could not meet the objection deadline—he could have attempted to contact opposing counsel through her email, work phone, or even cell phone, if Davidson had the number.  Davidson had numerous tools to contact opposing counsel, and he presents no argument suggesting that he tried any of those methods on April 10.  Nor did Davidson contact chambers requesting an emergency extension of time to object.

[5] Even after working on the objections on April 10, and then knowing that he missed the deadline, it still took Davidson *five days* to file his untimely, 40-page objections—confirming that his belief that he could meet the objection deadline was, in his own words, irrational.

chose to ignore it, thereby choosing to gamble with arguably the most important deadline in the case. As Judge Vidmar warned Petitioner, the failure to timely object normally waives appellate review of Petitioner's claims. *See* Doc. 32 at 17; *see also United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1059–60 (10th Cir. 1996). That this deadline is set by statute only underscores its importance. *See* 28 U.S.C. § 636(b)(1) (2018); Fed. R. Civ. P. 72(b)(1). Notwithstanding his knowledge that ignoring this deadline would severely prejudice his client's claims, Davidson defied it.

Davidson's carelessness in meeting the objection deadline does not constitute excusable neglect. As in *Ghamrawi*, the Court had previously granted Petitioner multiple extensions to the objection deadline. *See* Docs. 34, 36. Counsel, like in *Ghamrawi* and *Stringfellow*, knew that the deadline expired on April 10—he requested this deadline himself, and the order setting the deadline was clear—yet he chose to disregard it because of his workload. As explained, Davidson realized, or should have realized, long before midnight on April 10 that he could not meet the deadline. *See* Doc. 43 at 3. Despite his self-described irrational belief that he could timely meet the deadline, Davidson presents no reason why he failed to request an extension until days later. Davidson's failure to timely request an extension was entirely within his control.[6] His failure to do so weighs against granting Rule 60(b)(1) relief. *Cf. Servants of the Paraclete*, 204 F.3d at 1012 (stating that a party cannot use a motion to reconsider to "advance arguments that could have been raised in prior briefing").

---

[6] Petitioner repeatedly argues that the circumstances created by the Covid-19 pandemic "[were] not within the control of either [himself] or his attorney." Doc. 43 at 14. Obviously, Petitioner and Davidson could not control the global spread of Covid-19. Yet, the decision to forgo a timely request of an extension of the objecting period was entirely within the control of Davidson, productivity reductions notwithstanding.

Davidson's failure to meet the objection deadline was a poor tactical decision rather than a clerical error or mishandling of a document. *See Scott*, 2010 WL 1881058, at *3–4. His conscious decision to ignore a deadline is not even "neglect," but a choice. *See Stringfellow*, 1997 WL 8856, at *2 (finding that an attorney's decision to disregard a known deadline "does not seem to be due to 'neglect'"). Unlike various cases granting Rule 60(b)(1) relief when a clerical error or a mishandling of a document caused an attorney to fail to receive notice of a deadline entirely, here Davidson knew the deadline to object and chose to wait until after it—and entry of judgment[7]—to request an extension. *See, e.g.*, *Pioneer Inv. Servs. Co.*, 507 U.S. at 398–99 (holding that counsel's neglect was excusable when the purported notice of the deadline did not give counsel adequate notice of the due date); *Walter v. Blue Cross & Blue Shield United of Wisc.*, 181 F.3d 1198 (11th Cir. 1999) (finding excusable neglect when a calendaring error caused the plaintiff to miss a response deadline); *Norman v. United States*, 377 F. Supp. 2d 96, 98–99 (D.D.C. 2005) (finding that an attorney's unfamiliarity with CM/ECF, which caused him to fail to receive notice of a filing deadline and fail to appear at a status conference, constituted excusable neglect under Rule 60(b)(1)). The mere fact that his workload suffered while working from home does not justify relief. *See Pioneer Inv. Servs. Inc.*, 507 U.S. at 398.

The fourth factor—the movant's good faith—favors a finding of excusable neglect. Davidson attempted to meet the deadline, and Petitioner himself had no role in counsel's mistake. Moreover, Petitioner had not missed any previous deadline in this case.

---

[7] Even though Davidson apparently began working on the Motion for an Extension before the Court entered judgment, he nonetheless waited three days after the objection deadline to begin working on that Motion. *See* Doc. 43 at 3.

Balancing the factors, the Court finds that Petitioner fails to show that Rule 60(b)(1) entitles him to relief.  Three factors—prejudice, length of delay, and good faith—weigh in favor of granting relief.  Yet, arguably the "most important factor," *Torres*, 372 F.3d at 1163, strongly favors denying the Motion.  Petitioner's counsel knew, or should have known, that he would not be able to meet the objection deadline, yet he chose not to request an extension until days later, after the Court entered judgment.  The Court had informed him that failure to meet this deadline would waive review of Petitioner's claims.  This negligence is not excusable.  The poor reason for the delay outweighs the factors weighing in favor of granting the Motion.  *Cf. BNSF Ry. Co. v. Zook*, No. 15-cv-4956-DDC-KGS, 2016 WL 5371861, at *4 (D. Kan. Sept. 26, 2016) ("Given that [unlike this case] defendant did not realize its mistake until *after* the deadline had passed and *then* took immediate steps to correct the mistake, [the second] factor also favors defendant." (emphases added)).

The Tenth Circuit commonly holds that a court does not abuse its discretion in finding that a poor reason for the delay outweighs the three other excusable-neglect factors.  *See Perez v. El Tequila, LLC*, 847 F.3d 1247, 1253 (10th Cir. 2017);[8] *Sizemore v. N.M. Dep't of Labor*, 182 F. App'x 848, 852 (10th Cir. 2006) (holding that the district court did not abuse its discretion when finding that excusable neglect did not exist when the reason for the delay—that the plaintiff did not promptly move to extend the deadline to respond to a motion with voluminous documents— weighed against a finding of excusable neglect, even though "only a brief delay occurred, which

---

[8] Though *Perez* indicated that the outcome there "might [have been] different" had "counsel's error been isolated," *Perez*, 847 F.3d at 1253, it did not hold that if the error had been isolated, such a circumstance would always outweigh a poor reason for the delay.  Davidson's poor reason for the delay outweighs the isolated nature of the error because the error was entirely preventable, and Davidson knew or should have known that the error would occur.

13

presented only minimal prejudice to the defendants" and "the error was not the result of bad faith or a calculated desire to disrupt the judicial process"); *see also Torres*, 372 F.3d at 1163–64.  The lack of prejudice, Davidson's quick action to correct the error, and the apparent good faith of the movant do not outweigh the admittedly "irrational[]" reason for the delay here.  Doc. 43 at 3.

The Court understands firsthand the difficulties inherent in working from home.  Had Petitioner timely presented the work-from-home conditions as the reason for a short extension, the Court may have been inclined to grant it.  But his attorney carelessly chose not to.  Instead, he asks for the more "extraordinary" relief of vacating a judgment.  *Cessna Fin. Corp.*, 715 F.2d at 1444. Working from home due to Covid-19 does not relieve counsel of the duty to meet court deadlines. Though Petitioner had no role in his counsel's error, this fact alone does not justify granting the Motion.  *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 633–34 (1962).  Petitioner fails to clear the high hurdle needed to justify Rule 60(b)(1) relief.[9]  *See Zurich N. Am.*, 426 F.3d at 1289.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Petitioner's Motion to Set Aside Judgment [Doc. 43] is **DENIED**.

DATED this 8th day of July, 2020.

_____
MARTHA VAZQUEZ
United States District Judge

---

[9] Because the Court denies Petitioner's Motion to Set Aside Judgment, it has jurisdiction to decide this Motion, notwithstanding the appeal.  *See Aldrich Enters., Inc.*, 938 F.2d at 1143.